UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT E. PERDUE,
    Plaintiff,

vs

GARY C. MOHR, et al.,
    Defendants.

Case No. 1:13-cv-878

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

    Plaintiff, an inmate currently incarcerated at the Southern Ohio Correctional Facility (SOCF), has filed a complaint pursuant to 42 U.S.C. § 1983 and a motion and amended motion for the issuance of a temporary restraining order and/or preliminary injunction. (Doc. 3, 9, 11). In the complaint and motion for preliminary injunction, plaintiff indicates that he has been the victim of multiple attacks from inmates and guards. He claims that SOCF and Warden Morgan are unable to provide him with safe housing and protect him from further attacks. Plaintiff seeks a preliminary injunction and temporary restraining order enjoining defendants from the constitutional violations alleged in the complaint. (Doc. 3, *see also* Doc. 11, Amended Motion for Preliminary Injunction). Given the serious nature of plaintiff's allegations, the Court ordered defendant Morgan to file a response to plaintiff's motion for issuance of a temporary restraining order and/or preliminary injunction. (Doc. 14). This matter is now before the Court on plaintiff's amended motion for a preliminary injunction and defendant's response in opposition. (Doc. 11, 16).

    Plaintiff seeks a Court order requiring defendants to provide funding for gang member rehabilitation, to increase safety from gang attacks, and to properly oversee gang threats. (Doc. 11). Plaintiff also asks the Court to order defendants to cease contact or communication of any kind "that pose any violation [of] Court rules and civil rights or federal or state laws while this

is . . . under review." (Doc. 22, p. 1).

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

The Court finds that plaintiff has not alleged facts sufficient to warrant a preliminary injunction. As respondent has argued in opposition to the motion, plaintiff has failed to demonstrate a substantial likelihood of success on the merits of his constitutional claims in light of his apparent failure to exhaust his administrative remedies prior to filing the instant lawsuit. (*See* Doc. 16, p. 3). Furthermore, petitioner's allegations fail to demonstrate that that he will suffer irreparable harm absent a preliminary injunction.

2

A preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction -- to preserve the status quo until a trial on the merits can be held, *see Martin*, 924 F.2d at 102 -- would not be served. The present status quo in this case is, according to plaintiff, that he has suffered numerous violations of his constitutional rights. The remedy plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id.*

Accordingly, it is **RECOMMENDED** that plaintiff's amended motion for preliminary injunction (Doc. 11) be **DENIED**.

Date: 2/4/14

Karen L. Litkovitz
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT E. PERDUE,
    Plaintiff,

vs

GARY C. MOHR, et al.,
    Defendants.

Case No. 1:13-cv-878

Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☑ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name ) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Robert E. Perdue #352-167<br>SOCF<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee)  ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 9760 | |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540