UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT E. PERDUE,
    Plaintiff,

v.

DONALD MORGAN, et al.,
    Defendants.

Case No. 1:13-cv-878

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 against defendants SOCF Warden Donald Morgan, Sgt. Mike Dillow, and Keith Parker. (Doc. 10). This matter is before the Court on plaintiff's third motion for a temporary restraining order, preliminary injunction, and permanent injunction (Doc. 90), and defendants' response in opposition (Doc. 93). This matter is also before the Court on plaintiff's "motion to show cause for 'TRO' & preliminary injunction & permanent injunction" (Doc. 94), which the Court construes as plaintiff's fourth motion for a preliminary injunction.

As best the Court can discern, plaintiff's third motion for a preliminary injunction seeks injunctive relief based on defendants' alleged attempts to silence him and retaliate against him for engaging in the instant litigation by involuntarily medicating him in violation of his Eighth Amendment rights. (Doc. 90 at 1). Plaintiff appears to claim there is no basis to support the decision to administer involuntary mental health medications and that the signatures on prison forms related to his medication are "suspicious." (Id.). In support, plaintiff has submitted the following: (1) a form titled "Involuntary Medication: Notice of Hearing and Inmate Rights" (Id. at 3-4); (2) a form titled "Mandated Medication Committee Decision" (Id. at 5-6); (3) copies of an "Appeal Request" and two "Response[s] to Kite[s]" (Id. at 7-8); and (4) plaintiff's

"Declaration" (*Id*. at 9). Plaintiff's submissions reflect that a committee comprised of SOCF employees, including a medical doctor, mandated that plaintiff receive various medications for treatment of his serious mental illness, a finding with which plaintiff disagreed and ostensibly appealed through the SOCF grievance process. Plaintiff's "Declaration" provides that he objects to the mental health medications because of their side effects, and that he "started" related grievances. Defendants oppose plaintiff's motion and maintain that it should be denied because plaintiff has failed to exhaust his administrative remedies through the internal grievance process.

Plaintiff's fourth motion for a preliminary injunction provides as follows:

> Plaintiff, Request Defendant & Staff to [cease] 'Legal Mail' – Hindurance – tampering; threats; hurrassment; Retaliation etc; stop putting plaintiff seg or Bogus ticket, [conspiracy] to Put Plaintiff on 'fake' suicide watch; mental harassment/Torture IN R.t.u. Block, Deny an civil Rights violation, I Fear For safety!

(Doc. 94).

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny

injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

The Court finds that plaintiff has not alleged facts sufficient to warrant a preliminary injunction. As defendants argue in opposition to the motion, plaintiff has failed to demonstrate a substantial likelihood of success on the merits of his constitutional claims in light of his apparent failure to exhaust his administrative remedies prior to filing the instant lawsuit. (*See* Doc. 93 at 1). In addition, plaintiff has not presented any evidence of malfeasance on the part of SOCF staff in connection with the authorization for involuntary medication. It appears from the documents submitted by plaintiff that the treatment team requested involuntary medication because plaintiff has been diagnosed with a "serious mental illness" and represents "a substantial risk of serious harm to others" and "a substantial risk of serious harm to self" because of misuse of his medications, aggressive behaviors, including fighting, inability to adapt to prison and lack of insight into his illness. (Doc. 90 at 3). The documents indicate that plaintiff was present at a hearing and was assigned a hearing advisor who appears to be a registered nurse. (Doc. 90 at 6). The treatment team provided specific reasons for their decision and plaintiff was given the right to appeal. (Doc. 90 at 6-7). Because plaintiff was provided with his Due Process rights, he cannot demonstrate a likelihood of success on the merits that the administration of medication will be unconstitutional. *See Washington v. Harper,* 494 U.S. 210, 227 (1990) (holding that "given the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if

the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest").

Furthermore, plaintiff's allegations fail to demonstrate that that he will suffer irreparable harm absent a preliminary injunction.

Finally, a preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction -- to preserve the status quo until a trial on the merits can be held, *see Martin*, 924 F.2d at 102 -- would not be served. The present status quo in this case is, according to plaintiff, that defendants and SOCF staff are violating his constitutional rights. The remedy plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id.*

Accordingly, it is **RECOMMENDED** that plaintiff's third and fourth motions for preliminary injunctions (Docs. 90, 94) be **DENIED**.

Date: 9/15/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT E. PERDUE,
    Plaintiff,

v.

DONALD MORGAN, *et al.*,
    Defendants.

Case No. 1:13-cv-878

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ✗  ☑ Agent  ☐ Addressee<br>B. Received by ( Printed Name )  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Robert E. Perdue, #352-167<br>SOCF<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7011 3500 0001 5345 6052 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540