UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT E. PERDUE,                              Case No.: 1:13-cv-878

        **Plaintiff,**                                       Barrett, J.
                                               Litkovitz, M.J.

     **v.**

DONALD MORGAN, *et al.*,

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the January 29, 2014, the February 4, 2014, and the July 8, 2014 Report and Recommendation of the Magistrate Judge.  (Doc. 23; Doc. 26; Doc. 78). Plaintiff has filed objections to each of the Reports.  (Doc. 28; Doc. 33; Doc. 37; Doc. 89).[1] Defendants have filed a response to Plaintiff's objections concerning the July 8, 2014 Report (Doc. 92), and Plaintiff has filed a reply (Doc. 101).  The Court will consider each Report and the corresponding objections and responses separately below.

## I.    STANDARD OF REVIEW FOR OBJECTIONS

When objections to a magistrate judge's report and recommendation are received on a non-dispositive matter, the district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.  Fed. R. Civ. P. 72(a).

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review,

---

[1] Plaintiff also filed on September 22, 2014 a motion to amend his August 14, 2013 objections to the July 8, 2014 Report.  (*See* Doc. 104).  At the time of the filing, the briefings already were closed, and the undersigned therefore denied his motion as the request contravened S.D. Ohio Civ. R. 7.2(d) and (e).

the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a plaintiff appearing pro se will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II.   <u>ANALYSIS</u>

As there are three Reports at issue herein, the Court will address each separately below. Before doing so, however, the Court notes that Plaintiff has filed a document that is labeled on the docket as "Exhibits" in support of Plaintiff's objections to the January 29, 2014 Report (Doc. 37). That filing, however, contains numerous documents that are in no particular order and many of which do not appear to relate to the issues raised in the January 29, 2014 Report. It also appears that some of those documents may have been filed in support of other motions. Given the lack of clarity as to how or where these documents should be considered, the Court, taking into account Plaintiff's pro se status, will consider those documents to the extent they may be relevant to each of the three reports at issue. Those documents include but are not limited to the following: (1) an inmate evaluation report signed by Plaintiff on March 30, 2011 that indicates Plaintiff is performing well; (2) a November 6, 2012 letter from the City of Dayton, Ohio Civil Service Board concerning the procedure for applying for jobs with the City of Dayton; (3) a November 10, 2009 letter from the Department of Veteran's Affairs concerning civil-service disabilities; (4) a 2012 "Notification of Grievance" concerning a security breach and safety; (5) a document dated June 5, 2013 and labeled "Kite" that is in regards to enforcing rules or adding

rules to reduce violence; (6) an "Inmate Needs Assessment" relating to programming and services; (7) a memorandum to all inmates from Director Gary C. Mohr through Warden Donald Morgan regarding the "3 Tier Prison System" effective August 6, 2012; (8) a news article titled "State looks to add training for inmates"; (9) a "Response to Kite' dated December 9, 2013 from Larry Greene; (10) a "Warden's Decision on Appeal" affirming the RIB's determination as to Plaintiff's violations of rules 4, 7, and 21; (11) a "Conduct Report" dated July 16, 2013 indicating Plaintiff violated rule 19 (fighting with or without weapons) and rule 21 (disobedience of a direct order); (12) a "Use of Force Checklist" with a "Date of Incident" listed as July 16, 2013; (13) a "Notice of Disciplinary Appeal" dated July 23, 2013 decision of RIB as to rules 4, 7, and 21; (14) a "Warden's Decision on Appeal" dated July 29, 2013 affirming the RIB's determination as to Plaintiff's violations of rules 4, 7, and 21 (similar to document 10); (15) a letter dated April 15, 2011 from the Ohio Justice and Policy Center concerning prison overcrowding issues being addressed by the center; (16) a "Decision of the Chief Inspector on a Grievance Appeal" affirming the denial of Plaintiff's December 16, 2013 grievance concerning denial to adequate medical care from 2005 through 2013 and in relation to his lower back pain due to a 1992 military injury and weight loss since July 16, 2013, concluding that the medical staff was giving him proper care within the ODRC guidelines; (17) a December 24, 2010 email from Richard Shipp to the ODRC regarding lack of heat in the block in which Plaintiff was placed; (18) a declaration of Plaintiff that he was attacked between June 2013 and 2014 and he had threats made on his life; (19) a declaration of Plaintiff as to his observation of another inmate being attacked; (20) a document dated September 17, 2013 concerning a complaint from Plaintiff as to fearing for his safety, which was denied; (21) a "Notification of Grievance" dated August 29, 2013 alleging excessive force, retaliation, and discrimination by SOCF personnel; (22) a

letter dated June 5, 2013 from the Correctional Institution Inspection Committee responding to Plaintiff's letter setting forth concerns as to the need for anti-gang programming and the loss of his property while in segregation; (23) an "Informal Complaint Resolution" dated September 2, 2013 alleging excessive force by SOCF personnel and seeking protective custody; (24) an "Informal Complaint Resolution" dated September 2, 2013 regarding inappropriate supervision by SOCF personnel; (25) an "Informal Complaint Resolution" dated September 6, 2013 relating to a protective custody interview; (26) a January 6, 2014 letter from the Correctional Institution Inspection Committee regarding Plaintiff's letter about inappropriate staff supervision, unacceptable, non-Kosher food, need for modernized beds, sinks and toilets, inadequate measures to prevent inmates from targeting other inmates with and spraying fluids on units, and the use of complaint forms to make gambling tickets; (27) a "Notification of Grievance" with "Chief Inspector" written on top that is dated January 7, 2014 and that relates to gangs in the prison; (28) a memorandum dated January 23, 2014 from the Acting Chief Inspector to the SOCF Inspector regarding grievance from Plaintiff received on January 10, 2014; (29) a "Health Services Request" dated January 6, 2014; (30) a letter dated November 25, 2013 from the Correctional Institution Inspection Committee relating to Plaintiff's letter regarding concerns about personal safety; (31) a declaration from Plaintiff concerning protective custody and belief that his safety was at risk; (32) an "Informal Complaint Resolution" dated August 20, 2013 regarding a protective custody request; (33) an "Appeal to the Chief Inspector" dated September 18, 2013 concerning the denial of Plaintiff's request for protective custody based on safety concerns; and (34) a "Disposition of Grievance" dated September 17, 2013 indicating that Plaintiff's request for protective custody on September 3, 2013 had no merit.  (Doc. 37, PageID 222-77).

4

A. **January 29, 2014 Report (Doc. 23)**

    1. Summary of Report

The January 29, 2014 Report addresses Plaintiff's motions to amend his complaint to add Walter Solomon and D. King as Defendants in this action (Doc. 20; Doc. 21).  In those motions, Plaintiff claims that Mr. Solomon is the RIB Chairman at SOCF and is liable for denying Plaintiff a fair tribunal process, and that D. King is liable as the food administrator at SOCF. (Doc. 20; Doc. 21).  The Magistrate Judge recommends denying both motions because Plaintiff's proposed amendments do not cure the deficiencies identified in the January 15, 2014 Report (Doc. 12).  (Doc. 23, PageID 169-70).  Specifically, in the January 15, 2014 Report, the Magistrate Judge recommended, among other things, (1) dismissing Plaintiff's claim for denial of due process relating to the RIB proceedings because he failed to allege facts showing that Defendants' actions have the effect of altering the term of his imprisonment or imposing restraints which amounted to an "'atypical and significant hardship on [plaintiff] in relation to the ordinary incidents of prison life'" (Doc. 12, PageID 105) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995) and citing other relevant caselaw), and (2) dismissing his claims regarding "inadequate" meals because his conclusory allegation that the religious meals are "inadequate" did not rise to the level of an Eighth Amendment violation and his claim that he lost weight failed to establish injury to his health as a result of any inadequacy in the food served (Doc. 12, PageID 108) (citing relevant caselaw).  The undersigned adopted the recommendations in that January 15, 2014 Report in their entirety.  (Doc. 34, PageID 212).

    2. Summary of Objections

In his Objections (Doc. 28), Plaintiff asserts that he should be permitted to amend his complaint to add Mr. Solomon and D. King as defendants because he is proceeding pro se, has

requested the appointment of counsel, has no complete remedy at law to redress his claims, has exhausted his remedies, "did state legal claims . . . upon which relief may be granted[,]" that all the claims occurred at the same location, and that he has claimed that "all Defendant[s] are liable[.]" (Doc. 28, Page 190-91). The Court also infers that Plaintiff intends to rely on the exhibits he has filed in Document 37 to the extent they are relevant here.

      3. <u>Analysis</u>

Having reviewed the Report in light of Plaintiff's objections and exhibits, the undersigned concludes that the Report should be adopted in its entirety. While leave to amend generally should be freely given when justice so requires, the court need not allow amendment when the amendment would be futile. *Miller v. City of Columbus*, 52 F. App'x 672, 674 (6th Cir. 2002) (citing *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990)). With respect to Mr. Solomon, the Magistrate Judge correctly determined that Plaintiff has not corrected the deficiencies previously identified in regards to his due process claim based upon the RIB proceedings, and thus, adding Mr. Solomon as a defendant would be futile. Plaintiff's conclusory objections identified above do not change the result. Nor do any of the exhibits relating to the RIB proceedings show that any of the actions taken with respect to those proceedings had the effect of altering the term of his imprisonment, depriving him of any necessities of life, or otherwise imposing restraints which amount to an "atypical and significant hardship on [plaintiff] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *See also* (Doc. 12, PageID 105-06) (citing relevant caselaw). As such, Plaintiff's motion to amend to add Mr. Solomon as a defendant shall be denied.

The undersigned also agrees with the Magistrate Judge that the motion to amend to add D. King should be denied. None of Plaintiff's conclusory statements in his objections and none

of his exhibits demonstrate the degree of deprivation that would have placed defendants on notice of the existence of a substantial risk of serious harm or show that the food provided Plaintiff was inadequate to maintain normal health and adequate nutrition.  (Doc. 12, PageID 107) (citing relevant caselaw).[2]

### B. February 4, 2014 Report (Doc. 26)

#### 1. Summary of Report

The February 4, 2014 Report addresses Plaintiff's amended motion for a preliminary injunction (Doc. 11).  In that amended motion, Plaintiff seeks a Court Order requiring Defendants to provide funding for gang member rehabilitation, to increase safety from gang attacks, and to properly oversee gang threats.  Plaintiff also requests the Court to order Defendants to cease contact or communication of any kind that could be a violation of the Court rules and his civil rights or state laws while this matter is under review.  (Doc. 22, PageID 166).

Applying the standard for the issuance of preliminary injunctive relief, the Magistrate Judge concluded that Plaintiff had not alleged facts sufficient to warrant the requested preliminary relief.  Specifically, the Magistrate Judge determined that Plaintiff failed to demonstrate a substantial likelihood of success on the merits of his constitutional claims in light of his apparent failure to exhaust administrative remedies on this issue prior to filing the lawsuit and failed to demonstrate that he will suffer irreparable harm absent the preliminary injunction. Moreover, the Magistrate Judge concluded that Plaintiff requested the affirmative correction of constitutional deficiencies yet to be proven, which generally is beyond the scope and purpose of preliminary injunctive relief.

---

[2] Plaintiff's arguments that he is pro se and should be appointed counsel do not change the result.  Even when the allegations are liberally construed, Plaintiff has failed to state a claim upon which relief may be granted.  Moreover, the Magistrate Judge has correctly denied Plaintiff's request for appointment of counsel in a separate decision (*see* Doc. 78) that will be addressed *infra*.

2.  <u>Summary of Objections</u>

In his Objections, Plaintiff asserts that a preliminary injunction is warranted.  He claims that he has been a victim of multiple gang-related attacks, guard attacks, and racial slurs, and that he has been the subject of a "hit" ordered by gangs.  (Doc. 33, PageID 207-08).  As evidence, Plaintiff cites to a photo identification of two suspects, indicates that a 1993 riot occurred at SOCF, alleges that the SOCF gang is out of control, alleges that he exhausted his remedies, alleges that he will be harmed, claims retaliation by SOCF evidenced by a loss and theft report, and claims there was an inmate death in his housing unit prior to his attack on July 16, 2013.  (Doc. 33, PageID 209-10).  He requests that the Court provide funding for "gang rehab to increase safety from attacks" and to order Defendants "to cease contact & communication of any kind that pose any violation of a Court Rules, Civil Rights, state, [or] federal [law]."  (Doc. 33, PageID 211).  The Court also infers that Plaintiff intends to rely on the exhibits he has filed in Document 37 to the extent they are relevant here.

3.  <u>Analysis</u>

Under Fed. R. Civ. P. 65, injunctive relief is an extraordinary remedy, the purpose of which is to preserve the status quo.  *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007).  In determining whether to issue a temporary restraining order or preliminary injunctive relief, the Court must balance four factors: "'(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.'"  *City of Pontiac Retired Employees Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (quoting *PACCAR Inc. v. TeleScan Techs., L.L.C.*, 319 F.3d 243, 249

(6th Cir. 2003), *abrogated on other grounds by KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111 (2004)).  "'When a party seeks a preliminary injunction on the basis of a potential constitutional violation, the likelihood of success on the merits often will be the determinative factor.'"  *City of Pontiac Retired Employees Ass'n*, 751 F.3d at 430 (quoting *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012)) (additional internal quotations omitted).

Having reviewed the Report in light of Plaintiff's objections and exhibits,[3] the undersigned concludes that the Magistrate Judge correctly determined that the requests for a temporary restraining order and preliminary injunctive relief should be denied.  The only claims that are pending in this matter are Eighth Amendment claims for failure to protect and deliberate indifference to safety against Defendants Morgan and Parker, and an Eighth Amendment claim for excessive force against Defendant Dillow.  Plaintiff's allegations, arguments, and exhibits are disjointed and difficult to read, and Plaintiff does not discuss any of the exhibits in his objections or explain how they would show the Magistrate Judge's denial of the preliminary injunctive relief to be in error.  Construing the exhibits in Document 37 liberally, however, it appears Plaintiff submitted at various times in or around September 2013 an Informal Complaint, a Notice of Grievance, and an Appeal to the Chief Inspector in relation to requests for protective custody, fear of bodily harm by gangs, and fear of threats, retaliation, and bias by SOCF staff.  Neither Plaintiff nor Defendants have addressed whether or how those documents are sufficient to exhaust the administrative remedies.  Even assuming they are sufficient, the undersigned still is unable to conclude that Plaintiff has made the requisite showing of a "strong likelihood of

_____

[3] The Court also has reviewed the multitude of documents submitted by Plaintiff in conjunction with his motions to supplement his motion and amended motion for a preliminary injunction (Docs. 32, 36, 42, 44, 58, 59, 60, 61, 62, 63, 64, 65, 67, 70, 71, 72, 74, 75) even though the Magistrate Judge properly denied those motions as moot, as will be discussed *infra*.

success on the merits." Plaintiff faces a significant burden of proving deliberate indifference to a substantial risk of serious harm to the inmate, which is a standard that has both an objective and subjective component and is higher than mere negligence. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004); *Leonard v. Sheldon*, No. 3:12-cv-2515, 2013 U.S. Dist. LEXIS 16832, at *4, 9-11 (N.D. Ohio Feb. 7, 2013); *Brown v. Voorhies*, No. 1:07-cv-101, 2009 U.S. Dist. LEXIS 18802, at *10-12 (S.D. Ohio Mar. 10, 2009). Plaintiff also bears the burden on his excessive force claim of showing the force was applied maliciously and sadistically, rather than in a good faith effort to maintain or restore discipline, and that the actions were objectively harmful enough to constitute a constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Pelfrey v. Chambers*, 43 F.3d 1034, 1036-37 (6th Cir. 1995). Many of Plaintiff's statements and allegations on these issues depend to a large degree upon credibility assessments. It also remains to be seen whether and to what extent Plaintiff will be able to produce corroborating evidence separate from those documents containing or based upon his own averments and allegations. Thus, the information presented to the Court at this time is not sufficient to show a strong likelihood of success on the merits. *See Johnson v. Payton*, No. 12-11437, 2013 U.S. Dist. LEXIS 62287, at *11-13 (W.D. Mich. Apr. 10, 2013) (denying preliminary injunctive relief where likelihood of success on prisoner's claims depended upon credibility assessments and plaintiff had high burden of proving deliberate indifference on failure to protect claim). With that in mind, the undersigned also finds that Plaintiff has failed to show that he will suffer irreparable harm without with requested relief (*i.e.*, ordering gang rehab and enjoining contact and communications that violate the rules and laws).

10

On a related note, the undersigned agrees with the Magistrate Judge that the relief sought by Plaintiff goes beyond maintenance of the status quo.  Instead, he seeks an Order from the Court requiring Defendants to affirmatively correct constitutional deficiencies yet to be proven.  Such affirmative relief generally is beyond the scope and purposes of preliminary injunctive relief.  *See Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991) (recognizing purpose of preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held); *see also* 18 U.S.C. § 3626(a)(2) (recognizing preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm); *Gooden v. Bradshaw*, No. C-1-08-115, 2009 WL 1929078, at *4 (S.D. Ohio July 2, 2009) (recognizing status quo would not be preserved where plaintiff sought an order requiring defendants to affirmatively correct constitutional deficiencies that had not yet been proven).

### C.  July 8, 2014 Report (Doc. 78)

#### 1.  Summary of Report

The July 8, 2014 Order and Report and Recommendation addresses numerous issues, which will each be addressed in turn.  To summarize, however, the Report does not recommend granting relief on any of the motions at issue therein.

First, the Report denies Plaintiff's motions to appoint counsel (Docs. 4, 41).  The Report indicates that the law does not require the appointment of counsel for indigent plaintiffs in such cases and that this case does not present the type of exceptional circumstances that justify such an appointment.

Second, the Report recommends denying Plaintiff's three motions to amend the complaint (Docs. 38, 50, 57).  The Report concludes that Plaintiff's proposed amendments in

Document 38 are unrelated to the Eighth Amendment cruel and unusual punishment claims against Defendants Morgan, Parker, and Dillow that currently are pending before the Court. The Report further concludes that the proposed amendments in Documents 50 and 57 are futile because his amended complaint contains substantially similar allegations as those proposed in the motions.

Third, the Report denies Plaintiff's motions to add evidence to the record (Docs. 19, 24, 27, 56). The Report indicates that there was no basis for considering the submissions because there were no pending motions at that time, and the supplements run counter to S.D. Ohio Civ. R. 7.2.

Fourth, the Report denies Plaintiff's motion to stay (Doc. 30). The Report indicates that Plaintiff failed to set forth good cause for the stay and that delaying the matter indefinitely would unfairly prejudice Defendants.

Fifth, the Report denies as moot Plaintiff's motions to supplement his amended motion for a preliminary injunction (Docs. 32, 36, 42, 44, 58, 59, 60, 61, 62, 63, 64, 65, 67, 70, 71, 72). Given that the Magistrate Judge already had recommended that the amended motion for a preliminary injunction be denied, she concluded that it was not necessary to allow that motion to be supplemented.

Sixth, the Report denies Plaintiff's motions to subpoena evidence (Doc. 47, 54, 55, 68, 69). The Report concludes that Plaintiff has discovery mechanisms he may utilize to obtain that evidence from a party to the case. The Report further construes Plaintiff's request to subpoena Mr. Shipp, a "Forensic document expert," as a request to appoint an expert witness, and it denies that request upon a finding that it is not necessary at this juncture to appoint an expert witness to aid Plaintiff in his analysis of his Eighth Amendment claims.

12

Seventh, the Report denies as moot Plaintiff's motion for investigation of unexecuted summons issued to Defendant Keith Parker (Doc. 49). The Report ordered Defendants to submit Mr. Parker's address *in camera* so that he could be properly served.

Eighth, the Report recommends denying Plaintiff's second motion for a preliminary injunction (Doc. 76). It indicates that the issues raised therein are substantially similar to the previous amended motion for a preliminary injunction, which the Magistrate Judge recommended be denied. Specifically, Plaintiff asserts that Defendants have failed to provide adequately safe housing at SOCF and prevent other inmates from harassing him. The Magistrate Judge concluded that Plaintiff had not cured the deficiencies identified in the previous Report and Recommendation, and that the motion therefore should be denied.

Ninth and finally, the Report ordered Plaintiff to stop filing motions to supplement his motions for a preliminary injunction in light of the recommendation that they be denied.

### 2. Summary of Objections

Plaintiff's Objections (Doc. 89) reference the various conclusions of the Magistrate Judge. Although those objections are disjointed, the undersigned construes them liberally and attempts to identify below the specific issues raised therein.

First, Plaintiff indicates that his motions to appoint counsel (Docs. 4, 41) should be granted because he lacks legal expertise and it is necessary to prevent harm. He further argues that the case "likely [will] require expert testimony." (Doc. 89, PageID 569).

Second, Plaintiff states that his motions to amend the complaint (Docs. 38, 50, 57) should be granted. He claims that all of the events occurred at SOCF in "one course," that Rule 15 of the Federal Rules of Civil Procedure provides him with the right to amend before Defendants submit an answer, and that leave to amend should be freely given. Plaintiff also later references

the portion of the proposed amendment quoted in the Report, explaining that he believes the grievance process is a "joke" and allows the ODRC to infringe on prisoners' constitutional rights. He further notes that he is correcting a statement made in his Amended Complaint (Doc. 10) as to Defendant Parker.

Third, Plaintiff indicates that his motions to add evidence to the record (Docs. 19, 24, 27, 56) should be granted because the evidence is required to support the merits of his claims. He later makes several disjointed statements about submitting evidence and indicates he could not comply with S.D. Ohio Civ. R. 7.2(e) because there was not a motion or opposition to support at the time the claims arose and he filed his motions. He also states that his submission of the motions was "honest, pro se, [and] to defend the case by proving record [or to] report acts to the Court." (Doc. 89, PageID 573).

Fourth, Plaintiff argues that the motion to stay (Doc. 30) should be granted for "safety" reasons. (Doc. 89, PageID 570).

Fifth, Plaintiff cites to the motions to supplement his motion and amended motion for a preliminary injunction (Docs. 32, 36, 42, 44, 58, 59, 60, 61, 62, 63, 64, 65, 67, 70, 71, 72, 74, 75). He then appears to argue that the Court can protect a prisoner with preliminary injunctive relief while it waits for the prisoner to exhaust his administrative remedies. He claims his motions to supplement his motion and amended motion for a preliminary injunction warranted the filings, and he would not have to file all these motions if he had counsel.

Sixth, Plaintiff cites to three documents (Doc. 12, 39, 40), the first of which is a prior Report already ruled upon by the undersigned, the second of which is a summons issued to Defendant Parker, and the third of which is the return of an unexecuted summons to Defendant Parker. While Plaintiff cites to several cases, he does not make an argument on this point.

14

Seventh, Plaintiff contends that he filed the motions for subpoenas (Docs. 47, 54, 68, 69) to obtain testimony from the parties and to have them bring documents to support their testimony for his case.  He argues that he had to draft his own subpoena form, which is the reason for any inadequacy.  He further argues that he is not asking for the appointment of an "expert" but instead wants Mr. Shipp to be subpoenaed to obtain his knowledge of the issues Plaintiff has had at the various locations between 1999 and 2014 to show a pattern of behavior.

Eighth, Plaintiff argues that he believes he saw Mr. Parker at SOCF, such that the summons of service at that location should have been proper.  He nevertheless agrees with the Order to serve Defendant Parker.

Ninth, Plaintiff takes issue with the recommendation that his second motion for a preliminary injunction (Doc. 76) be denied.  He states that it is a "bias act to deny [the injunctive relief] for protection in this case" and that he has supported the case with the evidence in the motions to supplement.

### 3.  Summary of Response

In their response, Defendants argue that Plaintiff's documents do not indicate that the Magistrate Judge's decision was clearly erroneous or contrary to the law.  (Doc. 92).  The essence of the arguments as to each objection by Plaintiff is that it is conclusory and fails to show how the Magistrate Judge got the decision wrong.

### 4.  Summary of Reply

In his reply (Doc. 101), Plaintiff takes issue with Defendants' characterization of his claims as meritless or difficult to decipher, pointing out that he is entitled to a liberal construction of his claims because he is proceeding pro se.  Plaintiff next argues that he needs counsel to protect against "corrupt" staff and for his safety.  He also argues that he should be

15

allowed to amend his complaint because all of the claims are against the same agency, are based on incidents at the same location, and that all of the issues about which he complains are ongoing. As for adding evidence, Plaintiff reiterates that he is trying to protect his rights on the record and that there are pending issues to be decided by the Court  Plaintiff further explains that he wanted to stay the lawsuit for safety reasons because he was being retaliated against by the staff and that he needs subpoenas so that he has witnesses. Plaintiff reiterates that he believes his safety is at risk. He attaches additional documentation relating to his concerns.

   5.   <u>Analysis</u>

Given the various motions at issue in the Report, the Court will address them in the same order as the Report.

      a.   Motions to appoint counsel (Docs. 4, 14)

The Magistrate Judge did not err in denying Plaintiff's motion to appoint counsel. The Magistrate Judge correctly recognized that even though Plaintiff is proceeding pro se, the law does not require appointment of counsel in cases such as this and the appointment of counsel is justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). In determining whether to exercise its discretion to appoint counsel, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's ability to represent himself. *Id.* Upon consideration of the relevant factors, the Court concludes the Magistrate Judge's determination that the assistance of counsel does not appear necessary at this time to the proper presentation of Plaintiff's position was not contrary to the law or clearly erroneous.

      b.   Motions for leave to file amended complaint (Docs. 38, 50, 57)

The Magistrate Judge did not err in denying Plaintiff's motions for leave to file an amended complaint. Fed. R. Civ. P. 15(a) provides Plaintiff the opportunity to amend his complaint once as a matter of course without needing leave of court to do so. At the time Plaintiff filed these motions for leave to file an amended complaint, Plaintiff already had filed an Amended Complaint without leave of court (Doc. 10), as well as two other motions to amend the Complaint (Doc. 20, 21).

While leave to amend generally should be freely given when justice so requires, the courts need not allow the amendment when the amendment would allow unrelated claims against different defendants or when the amendment would be futile. *Hetep v. Poteet*, 27 F. App'x 308, 309 (6th Cir. 2001); *Miller v. City of Columbus*, 52 F. App'x 672, 674 (6th Cir. 2002) (citing *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990)). Plaintiff's statement that the events occurred at the same location "in one course" does not sufficiently show that the Magistrate Judge was incorrect in concluding that the new claims for deliberate indifference to serious medical needs against SOCF medical personnel Ms. Gladman, Nurse Hutchins, and Dr. Hobbs are distinct from the pending failure to protect and deliberate indifference to safety claims against Defendants Morgan and Parker and the pending excessive force claim against Defendant Dillow. Moreover, Plaintiff's attempt to correct the amended complaint does not preclude a finding that the proposed amendments as to Defendant Parker would be futile given that the amended complaint already contains substantially similar allegations.

c.   Motions to add evidence to the record (Docs. 19, 24, 27, 56)

The Magistrate Judge did not err in denying Plaintiff's motions to add evidence to the record. As the Magistrate Judge recognized, Plaintiff's submissions were not discussed in any substantive motion or memorandum addressing the issues in the case and were not presented at

17

the same time as any such motion or memorandum.  The undersigned thus agrees that Plaintiff's attempts to supplement the record in this manner run counter to Local Rules 7.2(d) and (e) by creating piecemeal submission of evidence and unnecessary memoranda.  S.D. Ohio Civ. R. 7.2(d), (e).  While the undersigned recognizes that Plaintiff is trying to keep the Court apprised, the untimely and extraneous documentation unconnected to any substantive motions or memorandum for which such support is necessary is not permitted.  Local Rule 7.2 explains:

> When proof of facts not already of record is necessary to support or oppose a motion, all evidence then available shall be discussed in, and submitted no later than, the primary memorandum of the party relying upon such evidence.  Evidence used to support a reply memorandum shall be limited to that needed to rebut the positions argued in memoranda in opposition. . . .
>
> Unless already of record, such evidence shall be attached to the memorandum or included in an appendix thereto. . . .
>
> Evidence submitted, including discovery documents, shall be limited to that necessary for decision and shall include only essential portions of transcripts or exhibits referenced in the memorandum.

S.D. Ohio Civ. R. 7.2.  If the documentation becomes relevant to support or oppose a motion as contemplated by Local Rule 7.2, then Plaintiff may discuss those documents in the memoranda and file those documents in accordance with Local Rule 7.2.

 d.  Motion to stay (Doc. 30)

The Magistrate Judge did not err in denying Plaintiff's motion to stay.  Plaintiff's motion indicates that he initially requested the stay so that he could obtain the appointment of counsel because he was not familiar with the law.  In his objections, Plaintiff changes course, arguing that the stay is necessary for safety reasons, but he does not refute the Magistrate Judge's conclusion that the indefinite stay would prejudice Defendants.  Upon review, the Court does not find that Plaintiff has shown that the decision of the Magistrate Judge was clearly erroneous or contrary to law.  That decision thus should not be disturbed.

18

   e. Motion to supplement his motion and amended motion for a preliminary injunction (Docs. 32, 36, 42, 44, 58, 59, 60, 61, 62, 63, 64, 65, 67, 70, 71, 72, 74, 75)

  The Magistrate Judge did not err by denying as moot Plaintiff's motion to supplement his motion and amended motion for a preliminary injunction.  Although the undersigned recognizes Plaintiff's reasons for filing the documents, it still remains true that at the time those documents were filed, the Magistrate Judge already had recommended that Plaintiff's amended motion for a preliminary injunction be denied.  That ruling thus was proper and those motions remain denied as moot.  Nevertheless, prior to ruling on the recommendation as to the denial of Plaintiff's amended motion for a preliminary injunction and second motion for a preliminary injunction, the undersigned reviewed those documents to determine whether such relief was appropriate.  For the reasons discussed both *supra* and *infra*, however, the undersigned has determined that the requested injunctive relief was not appropriate.

   f. Motions for subpoenas (Docs. 47, 54, 55, 68, 69)

  The Magistrate Judge did not err by denying the motions for subpoenas.  As the Magistrate Judge correctly recognized, Plaintiff moves to subpoena:  documents related to his grievances (Doc. 47); medical records from his treatment at SOCF and "expert testimony" from Richard L. Ship[p] . . . [Forensic Document expert]" (Doc. 54); conduct reports and informal complaints for Defendants Parker and Dillow, and Defendant Morgan's policies regarding prison safety and gang monitoring (Doc. 55); inmate records of the SOCF inmates who allegedly assaulted Plaintiff (Doc. 68); and digital video recording tapes and incident reports from SOCF (Doc. 69).

  The Magistrate Judge is correct that the Federal Rules of Civil Procedure provide procedures for a plaintiff to directly request the information he seeks from Defendants, including interrogatories (Rule 33), document requests (Rule 34), and requests for admissions (Rule 36).

She is correct that Plaintiff must utilize those procedures to obtain documents and evidence in the control and custody of Defendants.  As for Plaintiff's request for "expert testimony" from Mr. Shipp, the Magistrate Judge did not err by construing Plaintiff's motion as it related to him as one for appointment of an expert witness, which was titled "Motion to Subpoena Expert Testimony . . ." and in which he indicated in that motion that he desired to obtain the testimony of Mr. Shipp as a "Forensic Document expert[.]"  Nor has Plaintiff shown any error in concluding that it is not necessary to appoint an expert witness at this time.  Although in his objections Plaintiff appears to argue that the Magistrate Judge erred because he is not seeking expert testimony but is seeking to have Mr. Shipp serve as a non-party fact witness in this case, that is not what Plaintiff represented in his motion upon which the Magistrate Judge ruled.  The Magistrate Judge's determination thus should not be disturbed.

> g.   Motion for investigation of unexecuted summons issued to Defendant Parker (Doc. 49)

Plaintiff does not present any meaningful opposition to the Magistrate Judge's Order requiring the submission of Mr. Parker's address *in camera* so that proper service can be effectuated.  In fact, he agrees that such service should be effectuated.  Plaintiff's statement that he believes he saw Mr. Parker at SOCF does not make the procedure ordered by the Magistrate Judge erroneous or improper.

> h.   Second motion for a preliminary injunction (Doc. 76)

The Magistrate Judge correctly determined that Plaintiff's second motion for a preliminary injunction (Doc. 76) should be denied.  The Court agrees that the issues raised therein as they relate to the pending claims are substantially similar to the previous amended motion for a preliminary injunction (Doc. 11), which the Magistrate Judge and the undersigned now have denied.  Specifically, Plaintiff asserts that Defendants have failed to provide

adequately safe housing at SOCF and prevent other inmates from harassing him. The same deficiencies previously continue to exist here even when the multitude of exhibits filed by Plaintiff is considered, and thus, the undersigned agrees that the motion should be denied.

**V.**     **CONCLUSION**

Consistent with the foregoing, Plaintiff's Objections (Docs. 28, 33, 37, 89, 101) are **OVERRULED** and the Magistrate Judge's January 29, 2014, February 4, 2014, and July 8, 2014 Reports (Docs. 23, 26, 78) are **ADOPTED**. With regard to the specific recommendations made by the Magistrate Judge, it is hereby **ORDERED** that:

1. Plaintiff's motions to amend his complaint (Docs. 20, 21, 38, 50, 57) are DENIED.

2. Plaintiff's amended motion for a preliminary injunction (Doc. 11) and second motion for preliminary (Doc. 76) are DENIED.

**IT IS SO ORDERED**.

s/Michael R. Barrett
MICHAEL R. BARRETT, JUDGE
UNITED STATES DISTRICT COURT