UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT E. PERDUE,                                      CASE NO.: 1:13-cv-878

       Plaintiff,                                      Barrett, J.
                                                        Litkovitz, M.J.
   v.

DONALD MORGAN, *et al.*,

       Defendants.

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation (Doc. 98) in which she recommends denying (a) plaintiff's third motion for a temporary restraining order, preliminary injunction, and permanent injunction (Doc. 90), and (b) plaintiff's fourth motion for a preliminary injunction (Doc. 94).  Following the issuance of the Report, plaintiff filed a reply in support of his third motion for a temporary restraining order (Doc. 100),[1] a motion for extension of time to file a response to his third motion for a temporary restraining order (Doc. 102), a motion to amend response to defendants' response to plaintiff's third motion for a temporary restraining order (Doc. 105), and an objection to the Report (Doc. 106).

**I.     STANDARD OF REVIEW**

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C.

---

[1] The reply was filed after, but on the same day, as the Report.  For the sake of completeness, it will be considered here as part of plaintiff's objections.

1

§ 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II. ANALYSIS

### A. MOTION TO AMEND RESPONSE

In the motion to amend the response, plaintiff raises issues not previously raised in the motions for injunctive relief or in defendants' response. Specifically, he attaches photographs of gang suspects that he alleges threaten his safety, attaches documentation where he alleges he was denied access to showers, and attaches documentation as to a complaint he made concerning a safety breach. Plaintiff's attempts to supplement the record in this manner run counter to Local Rule 7.2 by creating piecemeal submission of arguments and evidence, as well as unnecessary memoranda. Local Rule 7.2 requires that "all evidence available shall be discussed in, and submitted no later than, the primary memorandum of the party relying on such evidence" and that "[e]vidence used to support a reply memorandum shall be limited to that needed to rebut the positions argued in memoranda in opposition." S.D. Civ. R. 7.2. As Plaintiff's motion to supplement the record fails to comply with that local rule, the motion shall be denied.[2]

### B. OBJECTIONS AS TO MOTIONS FOR INJUNCTIVE RELIEF

Under Fed. R. Civ. P. 65, injunctive relief is an extraordinary remedy, the purpose of which is to preserve the status quo. *Certified Restoration Dry Cleaning Network, LLC v. Tenke*

---

[2] Further, the photo identifications of alleged gang suspects were addressed specifically in a prior order denying injunctive relief. (Doc. 108, PageId 687-88).

*Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). In determining whether to issue injunctive relief, the Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the part seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Id.* Injunctive relief should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Id.* at 739.

Upon de novo review, the undersigned concludes that the Magistrate Judge correctly determined that the requests for a temporary restraining order and/or preliminary injunction should be denied. With respect to the likelihood of success on the merits, plaintiff contends that he has exhausted his administrative remedies and he attached to his reply an Appeal to the Chief Inspector and a Disposition of Grievance pertaining to his medications in addition to the previously attached documentation pertaining to the Mandated Medication Committee hearing and decision.[3] Assuming here that plaintiff could show he exhausted his administrative remedies, he still has failed to demonstrate malfeasance on the part of SOCF staff in connection with the authorization for involuntary medication. While plaintiff disagrees with their treatment and complains about having side effects from medication the source of which has not been determined, that is insufficient to demonstrate malfeasance or a strong likelihood of success on

---

[3] Plaintiff later contends that he exhausted his remedies by filing this case. (Doc. 106, PageId 671). He also attaches two informal complaints relating to other issues raised by Plaintiff. (Doc. 100, PageId 625-26).

the merits. While plaintiff further contends that he was involuntarily medicated as retaliation for filing this case and it is clear that "events" are occurring or "something" is happening, he has not made a strong showing that any actions rise to the level of a legal violation upon which plaintiff has a likelihood of success on the merits. As explained by the Magistrate Judge (Doc. 98, PageId 611), the documentation presented reflects that plaintiff was provided with his Due Process rights with a hearing advisor present along with an opportunity to appeal such that he has not demonstrated a strong likelihood of success on the merits of his claim that the involuntary administration of medication was unconstitutional. *See Washington v. Harper*, 494 U.S. 210, 227 (1990).

Furthermore, in light of the above and the analysis of the Magistrate Judge, the undersigned agrees that plaintiff's allegations fail to show irreparable harm without the injunction.

Finally, the undersigned agrees with the Magistrate Judge that the relief sought by plaintiff goes beyond maintenance of the status quo. Instead, he seeks an order from the Court requiring defendants to affirmatively correct the alleged constitutional deficiencies yet to be proven. Such affirmative relief generally is beyond the scope and purposes of injunctive relief. *See Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991) (recognizing purpose of injunctive relief is to preserve the relative positions of the parties until a trial on the merits can be held); *see also Gooden v. Bradshaw*, No. C-1-08-115, 2009 WL 1929078, at *4 (S.D. Ohio July 2, 2009) (recognizing status quo would not be preserved when plaintiff sought an order requiring defendants to affirmatively correct constitutional deficiencies that had not yet been proven).

### III. CONCLUSION

Consistent with the foregoing, plaintiff's motion for extension of time (Doc. 102) is **DENIED AS MOOT**, plaintiff's motion to amend response (Doc. 105) is **DENIED**, and plaintiff's objections (Doc. 100, 106) are **OVERRULED**.  The Report (Doc. 98) is hereby **ADOPTED**, and Plaintiff's third and fourth motions for injunctive relief (Docs. 90, 94) are **DENIED**.

**IT IS SO ORDERED.**

s/Michael R. Barrett
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT
