UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT E. PERDUE,
    Plaintiff,

v.

DONALD MORGAN, *et al.*,
    Defendants.

Case No. 1:13-cv-878

Barrett, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 against defendants SOCF Warden Donald Morgan, Sgt. Mike Dillow, and Keith Parker. (Doc. 10). This matter is before the Court on plaintiff's fifth and sixth motions for a temporary restraining order (Docs. 109, 119).

Plaintiff's fifth motion for a TRO (Doc. 109) seeks injunctive relief from SOCF employees' alleged mistreatment of plaintiff. Plaintiff identifies the following staff members as the offending parties: C/O Lemon; C/O Sparks; Sgt. Chris Pyane; and Kelly Miller. (*Id.* at 1). Plaintiff maintains these individuals have denied him food, interfered with his legal work, and threatened him. (*Id.* at 2). Plaintiff's sixth motion for a TRO similarly seeks relief from the "mail hind[ra]nce campaign" of SOCF employees Sparks and Lemon and "RTU – K-5 Officer at SOCF." (Doc. 119 at 2).

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1.     Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2.     Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3.     Whether an injunction will cause others to suffer substantial harm; and

4.      Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991).  The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief.  *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995).  A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it.  *Leary*, 228 F.3d at 739.

Plaintiff is not entitled to a preliminary injunction in this matter.  The purpose of a preliminary injunction is to maintain the relative positions of the parties until proceedings on the merits can be conducted.  *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991).  Thus, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (*quoting Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).  "This is because '[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.'" *Colvin*, 605 F.3d at 300 (*quoting Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).  A court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint.  *See Kaimowitz v. Orlando*, 122 F.3d 41, 43

-2-

(11th Cir. 1997); *Omega World Travel, Inc.*, 111 F.3d at 16; *Stewart v. United States Immigration and Naturalization Serv.*, 762 F.2d 193, 198-99 (2d Cir. 1985).

In this case, plaintiff's motion is premised on a new claim against non-parties that were not involved in the alleged constitutional violations giving rise to plaintiff's lawsuit, i.e., defendant Dillow's alleged use of excessive force. *See* Docs. 1, 9, 10. The instant motion relates to plaintiff's claims that non-party SOCF employees are, among other things, interfering with his legal materials, which is entirely separate from the claims raised in his complaint. Plaintiff's motion should therefore be denied because there is no relationship between the injury currently complained of and the conduct alleged in his complaint. *Colvin*, 605 F.3d at 300.

Moreover, plaintiff's TRO motions should be denied because, as noted by defendants, he has failed to demonstrate a substantial likelihood of success on the merits of his constitutional claims in light of his apparent failure to exhaust his administrative remedies prior to filing the instant lawsuit. *See* Doc. 113. In addition, plaintiff has not presented any evidence of malfeasance on the part of SOCF staff in connection with his claims of harassment.

Plaintiff's allegations also fail to demonstrate that that he will suffer irreparable harm absent a preliminary injunction.

Accordingly, it is **RECOMMENDED** that plaintiff's fifth and sixth motions for preliminary injunctions (Docs. 109, 119) be **DENIED.**

Date: 4/13/15

Karen L. Litkovitz
United States Magistrate Judge

-3-

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT E. PERDUE,                                        Case No. 1:13-cv-878
    Plaintiff,

                                                Barrett, J.
    v.                                                   Litkovitz, M.J.

DONALD MORGAN, *et al.*,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

-4-