UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT E. PERDUE, | CASE NO.: 1:13-cv-878 |
| Plaintiff, | Barrett, J. |
| | Litkovitz, M.J. |
| v. | |
| DONALD MORGAN, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation (Doc. 125) in which she recommends granting the motion for summary judgment of Defendants Morgan and Dillow (Doc. 111) and dismissing Plaintiff's claims against them without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, denying the motion for summary judgment of Plaintiff (Doc. 115), and certifying that an appeal would not be taken in good faith.  Plaintiff filed an objection (Doc. 127), Defendants filed a response (Doc. 128), and Plaintiff replied (Doc. 130).

## I.    STANDARD OF REVIEW

When objections to an order of a magistrate judge are received on a non-dispositive matter, the district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.  Fed. R. Civ. P. 72.

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C.

§ 636(b)(1).  General objections are insufficient to preserve any issues for review:  "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object."  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally.  *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**II.    ANALYSIS**

In the Report, the Magistrate Judge correctly set forth the requirements of 42 U.S.C. § 1997e, as amended by the PLRA.  (Doc. 125, PageId 821-22).  To summarize, the PLRA mandates that a prisoner exhaust his administrative remedies before bringing an action under 42 U.S.C. § 1983 or any other federal law to challenge prison conditions.  42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussel*, 534 U.S. 516, 524 (2002)).  To properly exhaust administrative remedies, a prisoner must comply with the deadlines and other critical procedural rules that govern an internal grievance process.  *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006).  The Ohio Administrative Code sets forth a three-step inmate grievance procedure that inmates at institutions maintained by the Ohio Department of Rehabilitation and Correction must follow.  Ohio Admin. Code § 5120-9-31(K).  That process is explained correctly in the Report.  (Doc. 125, PageId 822).

The Magistrate Judge determined that Plaintiff did not exhaust his administrative remedies prior to filing his federal complaint against Defendant Morgan.  Specifically, she determined that the grievance procedure was not exhausted until after the lawsuit was filed and that Defendant Morgan therefore is entitled to summary judgment.  In his objections, Plaintiff does not dispute that his administrative remedies with respect to Defendant Morgan were not

exhausted until after he filed the lawsuit. Therefore, no error by the Magistrate Judge in this respect has been identified and summary judgment is granted to Defendant Morgan.

As for Defendant Dillow, the Magistrate Judge found a lack of evidence that Plaintiff ever pursued an appeal to the Officer of the Chief Inspector at step three of the ODRC grievance process. She determined that Plaintiff's general assertion that he "completed all admin[istrative] grievance procedures concerning [Defendant] Dillow" and his unsupported, conclusory and inconsistent assertion that the SOCF staff prevented him from completing the process were insufficient to raise a genuine issue of material fact. In so concluding, she also recognized that Plaintiff did not specifically allege that he filed an appeal to the ODRC Chief Inspector from the denial of his Notification of Grievance. Accordingly, the Magistrate Judge determined that Plaintiff failed to exhaust his administrative remedies against Defendant Dillow.

In his objection, Plaintiff again generally asserts that he exhausted the procedures. As recognized by the Magistrate Judge, that general and conclusory statement is insufficient to preclude summary judgment. Plaintiff still has presented no evidence that could show exhaustion.

Plaintiff also states that he is alleging mail tampering and the destruction of legal property prevented the process from being completed. Yet, he still has not averred or provided any evidence that he ever filed, or attempted to file, the appeal to the ODRC Chief Inspector or provided any evidence concerning who prevented him from pursuing an appeal and when this happened. Such vague, general, and conclusory statements, without more, remain insufficient to raise a genuine issue of material fact to defeat summary judgment.[1]

---

[1] Although not affecting any determination as to whether there is a genuine issue of material fact concerning Plaintiff's exhaustion of administrative remedies, it is noted that Plaintiff also states in his objection that "Judge is [b]ias[ed]." (Doc. 127, PageId 829). The alleged bias stems solely from the Magistrate Judge's judicial rulings, however. The correct judicial rulings by the Magistrate Judge in this case do not demonstrate bias and do not

### III. CONCLUSION

Consistent with the foregoing, Plaintiff's objections (Doc. 127, 130) are **OVERRULED,** and the Report (Doc. 125) is **ADOPTED**. It is **ORDERED** that:

1. The motion for summary judgment of Defendants Morgan and Dillow (Doc. 111) is GRANTED.

2. Plaintiff's claims against defendants Morgan and Dillow are DISMISSED without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

3. The motion for summary judgment of Plaintiff (Doc. 115) is DENIED.

4. The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order adopting the Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                                s/Michael R. Barrett
                                                JUDGE MICHAEL R. BARRETT
                                                UNITED STATES DISTRICT COURT

---

preclude the grant of summary judgment to Defendants Morgan and Dillow. *See Liteky v. United States*, 510 U.S. 540, 554-55 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).