UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT E. PERDUE,             CASE NO.: 1:13-cv-878

    Plaintiff,                            Barrett, J.
                                             Litkovitz, M.J.
    v.

DONALD MORGAN, *et al.*,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation (Doc. 124) in which she recommends denying Plaintiff's fifth and sixth motions for a temporary restraining order (Docs. 109, 119). Plaintiff filed an objection (Doc. 126), Defendants filed a response (Doc. 129), and Plaintiff replied (Doc. 131).

**I.  STANDARD OF REVIEW**

When objections to an order of a magistrate judge are received on a non-dispositive matter, the district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72.

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

1

Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II. ANALYSIS

Under Fed. R. Civ. P. 65, injunctive relief is an extraordinary remedy, the purpose of which is to preserve the status quo. *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). In determining whether to issue injunctive relief, the Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the part seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Id.* Injunctive relief should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Id.* at 739.

Upon review, the undersigned concludes that the Magistrate Judge correctly determined that the requests for a temporary restraining order should be denied. The Magistrate Judge properly recognized that Plaintiff's claims are not related to the allegations in his Complaint and are directed towards the alleged activities of individuals who are non-parties to this lawsuit. With that in mind, she correctly determined that injunctive relief may not be granted because the issues raised in the motion are entirely different from those raised in the complaint. (Doc. 124, PageId 813) (citing *Kaimowitz v.* Orlando, 122 F.3d 41, 43 (11th Cir. 1997); *Omega World Travel, Inc. v. Trans World* Airlines, 111 F.3d 14, 16 (4th Cir. 1997); *Stewart v. United States*

*Immigration & Naturalization Serv.*, 762 F.2d 193, 198-99 (2d Cir. 1985)).  Further, the Magistrate Judge correctly stated that Plaintiff has failed to demonstrate a substantial likelihood of success on the merits of his constitutional claims and has not demonstrated malfeasance on the part of SOCF staff in connection with the claims of harassment.

Plaintiff's objections do not undermine the conclusion of the Magistrate Judge.  Nowhere in his objections does Plaintiff identify how the Magistrate Judge erred in her analysis.  Instead, he argues simply that her judicial orders denying his requests for temporary restraining orders are evidence of bias towards Plaintiff.  Yet, the Magistrate Judge's judicial orders were consistent with the legal standards relating to injunctive relief, as explained above.  Further, a judicial ruling standing alone "almost never constitute[s] a valid basis" for finding bias.  *Liteky v. United States*, 510 U.S. 540, 554-55 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).  As there is no basis for finding a bias based upon the Magistrate Judge's correct rulings in this case, the objection is overruled.

To the extent Plaintiff also complains that the Defendants' motion is "junk" and reaffirms his position that the requests for temporary restraining orders should be granted, those assertions likewise fail to show any error by the Magistrate Judge.

### III. CONCLUSION

Consistent with the foregoing, plaintiff's objections (Doc. 126, 131) are **OVERRULED**.  The Report (Doc. 124) is hereby **ADOPTED**, and Plaintiff's fifth and sixth motions for injunctive relief (Docs. 109, 119) are **DENIED**.

**IT IS SO ORDERED.**

s/Michael R. Barrett
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT

3