UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT E. PERDUE,<br>Plaintiff, | Case No. 1:13-cv-878 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| KEVIN PARKER,<br>Defendant. | **REPORT AND<br>RECOMMENDATION** |

This matter is before the Court on plaintiff's motion to dismiss his lawsuit with prejudice. (Doc. 134).

Plaintiff moves to voluntarily dismiss his lawsuit, stating that he fears for his safety because he has been unable to obtain a temporary restraining order to protect him from harassment by defendants.[1] The Court acknowledges that plaintiff's motion suggests it may be the product of duress as he asserts that he seeks to dismiss his lawsuit only to protect himself. This calls into question the voluntary nature of the motion and the appropriateness of granting it. However, plaintiff's inability to obtain a temporary restraining order is not a result of lack of access to the Court or hindrance by defendants. Plaintiff has filed six motions for temporary restraining orders or other injunctive relief, as well as numerous motions to supplement the record with evidence in support of these motions. (Docs. 3, 11 19, 24, 27, 32, 36, 42, 44, 58-72, 74-76, 90, 94, 109, 119). All of these requests have been denied because plaintiff has never submitted evidence establishing defendants' alleged harassment or otherwise demonstrated that his safety is in jeopardy such that a temporary restraining order is necessary. *See* Docs. 26, 90, 94, 124, 108, 121, 136. Given plaintiff's inability to establish his entitlement to injunctive relief

---

[1] On June 22, 2015, the District Judge adopted the undersigned's Report and Recommendation to grant summary judgment in favor of defendants Donald Morgan and Sgt. Mike Dillow finding that plaintiff failed to exhaust his administrative remedies against them before filing his federal lawsuit. (Doc. 135). Defendant Kevin Parker is the sole remaining defendant in this action.

-2-

over the course of the two-and-one-half years this lawsuit has been pending, the undersigned finds that plaintiff's motion to dismiss should be granted despite plaintiff's claims therein.

Accordingly, it is **RECOMMENDED** that plaintiff's motion to voluntarily dismiss his lawsuit be **GRANTED**; this matter be closed on the docket of the Court; and the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 7/28/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT E. PERDUE,
    Plaintiff,

v.

DONALD MORGAN, et al.,
    Defendants.

Case No. 1:13-cv-878

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).